FILED
SUPERIOR COURT
OF GUAM

2013 AUG -2 PM 2: 31

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,                    )       CRIMINAL CASE No. CF 567-12
                                       )
                                       )
            v.                         )
                                       )       **DECISION AND ORDER**
                                       )
CHISTOPHER MARTIN INGALLS,             )
            Defendant.                 )
                                       )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on April 02, 2013 on Defendant's Motion to Reduce Felony Charges to Misdemeanor and for Deferred Plea and Motion for Leave to Place Mental State at Issue and Change Plea. The People of Guam were represented by Assistant Attorney General Christine Santos Tenorio. The Defendant was represented by Assistant Public Defender Maria G. Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's motion to reduce and GRANTING Defendant's motion for leave to place mental state at issue.

## FACTUAL HISTORY

The Defendant was indicted on two charges: 1) Family Violence, as a 3rd Degree Felony and 2) Aggravated Assault, as a 3rd Degree Felony. The charges stem from an alleged incident that occurred between the Defendant and his wife in front of their 8 year old child, where it is asserted that Defendant choked his wife.

On January 14, 2013, the Defendant filed a motion to reduce the two felonies Family Violence and Criminal Mischief to misdemeanors and for a deferred plea. In his motion, the

Defendant argues and asserts that the victim's injuries were minor. He also argues that the Family Violence Act's seven-factor analysis for reducing a felony to a misdemeanor weighs in his favor.

The People filed an opposition on March 28, 2013. In it they argue that the Defendant's action of choking was potentially fatal and that the victim is opposed to any reduction in charge. On April 2, 2013 Defendant filed his reply paper reasserting his arguments and requests.

On January 14, 2013, Defendant filed a paper entitled, Motion for Leave of Court to Place Mental State at Issue and to Change Plea. In his paper Defendant request that the court for good cause allow him to change his plea. The people did not file an opposition paper to Defendant's request.

## DISCUSSION

**Motion to Reduce**

The Defendant has requested to have the first two charges of the indictment, reduced to misdemeanors. Section 30.20 of the Family Violence Act, provides the court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

*Id.*

Sections 19.20(a) and 16.10(c) of Title 9 regulate and define the charge of aggravated assault for charges of serious bodily injury. 9 GCA §§ 16.10(c) and 19.20(a). They provide,

> § 19.20. Aggravated Assault; Defined & Punished
> (a) A person is guilty of aggravated assault if he either recklessly causes or attempts to cause:
> (1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;
> (2) serious bodily injury to another;
>
> § 16.10. Definitions Applicable to Chapter.
> As used in this Chapter:
> . . . .
> (c) Serious Bodily Injury means bodily injury which creates: serious permanent disfigurement; a substantial risk or death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ;

Applying these factors to the instant case the Court places an important emphasis on the seriousness of the choking allegation. Choking is an action, the results of which potentially have very serious and fatal consequences. In light of this allegation the Court is unwilling to reduce the charges of the indictment. Absent the charges being reduced to misdemeanors, the Court is statutorily unable to grant Defendant's request for a deferred plea. 9 GCA § 30.80.

**Motion to Place Mental State at Issue and to Change Plea**

Defendant requests that he be allowed to enter a plea of not guilty by reason of mental illness or disease. Section 7.22(d) of Title 9 of the Guam Code regulates the entry of pleas of mental illness or disease. 9 GCA § 7.22(d). It provides,

> The defendant shall plead not guilty by reason of mental illness, disease or defect, or shall give notice, in open court or in writing, that his mental condition will or may be in issue not later than ten days after his arraignment or at such later time as the court for good cause may allow. If such notice is given prior to or at the time of arraignment, the court shall defer the entry of a plea until the

filing of the reports provided in § 7.25. Upon the giving of such notice or upon a plea of not guilty by reason of mental illness, disease or defect, the court shall order an examination to be conducted, as provided in § 7.25.

*Id.* In this case Defendant concedes that he failed comply with the statute's ten day requirement. However he asserts that the reason for this delay was due to the delay in receiving a report from the Department of Mental Health and Substance Abuse. The Court finds that this asserted reason for delay is sufficient to support a finding of good cause.

### CONCLUSION

Based on the foregoing, the Defendant's motion to reduce felony charges to misdemeanors is denied. Defendant's motion to change plea is granted. Further Proceedings are set for _Aug. 7,_ 2013 at _9:11 a.m._

SO ORDERED, this _2nd_ day of _Aug_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 2 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam